UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DAVID HOLLAND,<br><br>                              Plaintiff,<br>v.<br><br>COLONNA'S SHIPYARD, INC.<br><br>                              Defendant. | Case No.   2:25-cv-724 |

# COMPLAINT

1. This is an action for unpaid wages, including unpaid overtime, under both state and federal law. Plaintiff David Holland ("Plaintiff") brings this action against Colonna's Shipyard, Inc. ("Colonna's" or "Defendant") for failing to pay Plaintiff, a Colonna's Shipyard, Inc. employee, in accordance with the Virginia Wage Payment Act ("VWPA"), the Virginia Overtime Wage Act ("VOWA"), and the Fair Labor Standards Act ("FLSA").

## Summary Of Action

2. Wage theft has been forbidden by the FLSA since 1938, over 87 years. It remains a pervasive issue in the Commonwealth of Virginia, so much so that the Virginia General Assembly recently adopted statutes designed to compensate its victims and incentivize employers' compliance with the law.

3. Holland ("Holland" or "Plaintiff") brings this action asserting unpaid wage and overtime claims against Defendant.

4. This complaint seeks relief for claims for unpaid compensation under the Virginia

Wage Payment Act (VWPA), Va. Code § 40.1.29, and for unpaid overtime in violation of both Virginia Overtime Wage Act, Va. Code §40.1-29.3 (VOWA) and the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (FLSA) arising out of work performed for the benefit of the Defendant that was "clocked" into its timekeeping records, recorded on time card and was known to Defendant.

## Jurisdiction And Venue

5. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Norfolk Division of the Eastern District of Virginia, and because Defendant COLONNA'S SHIPYARD, INC.'s principal place of business is located in the Norfolk Division.

8. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

9. Plaintiff performed labor in Norfolk, Virginia within the last three years for the benefit of, and/or at the direction and under the supervision of Defendant. Plaintiff was an "employee" of Defendant as defined in the FLSA, VWPA and VOWA.

10. Holland is a resident of Virginia and began his employment with Colonna's in September 2010.

11. Defendant COLONNA'S SHIPYARD, INC. is a private shipyard involved with

ship repair, steel fabrication, machining and welding services with its principal office located in Norfolk, Virginia.

12. Although Holland worked uncompensated time, including more than forty (40) hours for Defendant in one or more weeks, he was not paid for all hours recorded on a time clock on which Defendant required employees to "clock" in and out, entering start and end work times, for all hours worked, including for overtime hours worked, as required by the FLSA, VWPA and VOWA.

13. Plaintiff estimates that he worked, on average, 56-75 hours per week, 16-35+ hours per week during his employment which was recorded on this weekly timecards, but not fully compensated, most - if not all - of which should have been compensated at his overtime rate.

## Facts

### Unpaid Compensation for "Clocked" Work Performed, Including Overtime

14. After working on contract with COLONNA's SHIPYARD as a Helper and Second-Class Fitter from November 2009-September 2010, in September 2010 Plaintiff was hired to work for Defendant at COLONNA'S's SHIPYARD Norfolk location.

15. Throughout his employment with Defendant, Plaintiff worked as an hourly employee. From September 2010 until his September 2023 resignation, Defendant employed Plaintiff as a Pipefitter and Mechanic, with promotions in 2010 (First-Class Pipefitter/Lead Mechanic), 2014 (Lead Mechanic/Pipefitter with Supervisory Responsibilities, 2020 (Assistant Foreman) and 2022 (Foreman/Pipefitter). After a medically required leave in August 2023, Plaintiff was demoted to Specialist and was transferred to Defendant's Steel America Division, still working at the Norfolk location. Plaintiff resigned his position after this demotion.

16. During his entire employment, Plaintiff performed work for hourly rate

compensation and was paid weekly. As an hourly employee, Plaintiff was entitled to:

 a. Compensation for all hours worked from 0-40 hours weekly, including all hours "clocked" on a manual punch timeclock, and later, electronically via a "swipe" timekeeping system used by Defendant; and

 b. Compensation for all hours worked in excess of forty (40) hours per week, as overtime compensation due, also recorded on Defendant's punch clock or electronic "swipe" timekeeping systems.

17. During all times applicable hereto, from November 2022 through his September 2023 resignation, Plaintiff's hourly pay rate was $38/hour, and he should have been compensated at such hourly rate of $38/hour and/or, for hours over 40 per week, his corresponding overtime rate of $57/hour.

18. Defendant recorded time worked by its hourly employees through manual and/or electronic time clock entry, contemporaneously recorded in its time clocking system(s).

19. Plaintiff typically worked 56-75 hours per week but was not paid for all hours worked and "clocked", that is, punched on a timecard and/or electronically entered into the Colonna's time clock systems.

20. On information and belief, Defendant is in possession of time stamp records supporting Plaintiff's claims. Applicable state and federal laws require Defendant to maintain payroll records which will reflect the unpaid hours, including unpaid overtime premiums.

21. And, as is expected to be reflected in Defendant's time clock records, Plaintiff regularly performed work on mornings, evenings and/or weekends, regularly working in excess of forty (40) hours per week. On further information and belief, Defendant monitored the recorded clocked and "swiped" times and knew Plaintiff worked this time, including premium

pay for overtime hours, without being paid compensation due for all hours worked.

22. As such, Defendant's failure to fully compensate Plaintiff was willful and Defendant willfully violated the VWPA, VOPA and FLSA by knowingly failing to pay the full amounts of wages due, including overtime wages due, in each week due under the cited statutory authorities.

23. Due to Plaintiff's interest in timely and accurate completion of assignments, and despite hours worked which were not compensated, in addition to accurate timecards, Holland regularly provided time sheets that did not reflect all time worked (and which were more accurately reflected in the time clock-stamped timecard required for beginning and ending work duties) - and any discrepancy in timesheets and actual 'clocked' time on time cards also submitted to Defendant, was known to Defendant.

24. Moreover, Defendant failed to advise Plaintiff that it could not lawfully permit him to receive no pay for hours which were worked, for its benefit, *and recorded in ('clocked into') Defendant's time records and known to have been worked*, irrespective of Plaintiff's willingness to forego full payment for hours worked and for which Defendant benefitted.

25. Despite performing such work for Defendant's benefit, Plaintiff was not paid for all time worked, including all overtime at a time-and-one-half rate for hours worked over forty (40) in all workweeks.

26. On information and belief, because Defendant monitored its time clock, Defendant was aware of Plaintiff's working time, including overtime, without the payment of all compensation due.

27. Moreover, pay stubs Defendant provided to Plaintiff do not accurately reflect all hours worked on Defendant's behalf (and as reflected in Defendant's "clocked" time records),

including unpaid regular and overtime hours worked. This not only violated statutory obligations regarding documentation which was required to be provided employees for each pay period, it consciously understated Plaintiff's entitlement to pay for all hours worked. As such, this was a willful misrepresentation of compensation due Plaintiff in each pay period at issue. (In that this was a continuing practice by Defendant, it also occurred for pay periods for which claims have lapsed by applicable limitations periods, but which may be considered as background evidence on the issue of Defendant's willfulness.)

28. Defendant has no legal defense to the non-payment of compensation for hours worked and within the applicable limitations periods.

29. Throughout his Colonna's Shipyard employment, Plaintiff was compensated on an hourly basis and was not employed, in any *bona fide* executive, administrative, or professional capacity.

30. Based on the nature of Plaintiff's hourly compensation and job duties, there is no FLSA, VOWA or VWPA exemption that applies to preclude Plaintiff from being paid all compensation due or overtime at one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

31. Plaintiff regularly worked uncompensated hours without payment of all compensation due, including overtime compensation for hours in excess of 40 per week.

32. At all relevant times Defendant intended to deprive Plaintiff of compensation and overtime pay to which he was entitled and/or acted with reckless disregard for the Plaintiff's statutory rights.

33. Defendant willfully violated Virginia and federal wage payment laws, the VWPA, VOWA and FLSA, by knowingly failing to pay compensation for all hours worked,

including overtime for hours worked in excess of 40 per workweek.

34. At all relevant times the Defendant intended to deprive Plaintiff of compensation, including overtime pay, to which he was entitled, or acted with reckless disregard for Plaintiff's rights.

35. The Defendant's violations of Plaintiff's rights guaranteed by the VWPA, VOWA and FLSA to receive all earned compensation, including overtime compensation, are continuing and ongoing.

**COUNT I**
**Violation of the Virginia Wage Payment Act (VWPA)**
**Failure to Pay Compensation When Due**
**Va. Code 40.1-29**

36. Plaintiff incorporates each of the allegations set forth above as if fully restated in this Count.

37. Defendant has knowingly violated the Virginia Wage Payment Act, Va. Code §40.1-29 in:

   a. failing to compensate Plaintiff all wages at each payroll period due;

   b. withholding wages due at each payroll period;

   c. failure to provide a weekly paystub reflecting all hours worked during the pay period, the gross wages earned during each pay period, and the amounts of any deductions therefrom.

38. This action is brought within three (3) years of the cause of action's accrual. Holland brings this action for all violations alleged herein commencing November 5, 2022, and ongoing.

39. Plaintiff is entitled to recover all unpaid wages, an additional amount of liquidated damages, and treble damages for a knowing violation; interest at the annual rate of 8% from the

date wages were due; and an award of reasonable attorneys' fees and costs.

## COUNT II
### Violation of the Virginia Overtime Wage Act (VOWA)
### Failure to Pay Overtime
### Va. Code § 40.1-29.2

40. Plaintiff incorporates each of the allegations set forth above as if fully restated in this Count.

41. Defendant has knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime to Plaintiff when he worked over forty (40) hours in individual workweeks.

42. Plaintiff was not exempt from the overtime provisions of Va. Code § 40.1-29.2.

43. Plaintiff worked for Defendant's benefit for over forty (40) hours in one or more individual workweeks.

44. Defendant paid Holland only a portion of the overtime compensation due.

45. Defendant violated Va. Code § 40.1-29.2 by failing to pay overtime to Holland at one-and-one-half times his regular rate of pay for all hours worked over forty (40) hours in one or more individual workweeks.

46. Defendant's failure to pay Holland an overtime premium for all time worked over forty (40) hours in a workweek was willful or knowing.

47. This action is brought within three (3) years of the cause of action's accrual. Holland brings this action for all violations alleged herein commencing November 5, 2022, and ongoing.

48. Holland is entitled to recover payment of his unpaid overtime wages, plus an equal amount of liquidated damages, prejudgment interest, and attorney's fees.

## COUNT III

**Violation of the Fair Labor Standards Act (FLSA)**
**Failure to Pay Overtime Compensation**
**29 U.S.C. § 201, 207**

49. Plaintiff incorporates each of the allegations set forth above as if fully restated in this Count.

50. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 USC §201, *et seq.* (FLSA) by failing to pay the correct overtime to Holland when he worked over forty (40) hours in individual workweeks.

51. Holland was not exempt from the overtime provisions of the FLSA.

52. Holland performed work on projects directed by and/or known to Defendant and for which Defendant benefited. Plaintiff performed work over forty (40) hours in one or more individual workweeks.

53. Holland recorded all such work time into manual and/or electronic pay time clock systems implemented by Defendant, clocking in and out on each day, and hours, work was performed.

54. Defendant violated the FLSA by failing to pay the full amount of overtime to Holland, at one-and-one-half times his regular rate of pay, when he worked over forty (40) hours in one or more individual workweeks.

55. Holland brings this action for all violations alleged herein commencing November 5, 2022, and ongoing.

56. Plaintiff has suffered damages for Defendant's violation of the FLSA and is entitled to relief including but not limited to unpaid overtime wages, an equal amount of liquidated damages, and compensation for lost wages, benefits, and other remuneration, interest thereon, and reasonable attorneys' fees and costs. Because Defendant's failure to pay Holland an

overtime premium for all time worked over forty (40) hours in a workweek was willful, or Defendant showed a reckless disregard for the requirements of overtime payments under the FLSA, Holland is entitled to recover for a third year of liability from the date of filing.

## Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendant:

a) Judgment against Defendant for violations of the overtime provisions of the FLSA, 29 USC §207, *et seq.* and VOWA, Va. Code §40.1-29.2;

b) Judgment against Defendant for violations of the wage payment provisions of the VWPA, Va. Code §40.1-29;

c) All unpaid wages and overtime damages due to Plaintiff;

d) Judgment that Defendant's violations of wage payment and overtime laws were willful;

e) Liquidated damages equal to the unpaid overtime and/or unpaid wage compensation due under FLSA, 29 USC §207, *et seq.* and VOWA, Va. Code §40.1-29.2;

f) Treble damages under the VWPA, Va. Code § 40.1-29(J);

g) Pre-judgment and post-judgment interest;

h) Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it; and

i) Any and all further relief permissible by law.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY JURY for all claims and issues so triable.

Dated:  November 5, 2025

                Respectfully submitted,

                DAVID HOLLAND

                By:  /s/ Harris D. Butler

                Harris D. Butler, III (VSB No. 26483)
                **BUTLER CURWOOD, PLC**
                140 Virginia Street, Suite 302
                Richmond, Virginia 23219
                Telephone: (804) 648-4848
                Facsimile: (804) 237-0413
                harris@butlercurwood.com

                *Counsel for Plaintiff*